IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG -3 PM 5: 16

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| CHRIS A. TERRELL,<br><br>    Petitioner,<br><br>vs.<br><br>T.C. OUTLAW,<br><br>    Respondent. | No. 04-2822-D/P |

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND
ORDER DIRECTING CLERK TO ENTER JUDGMENT

Petitioner Chris A. Terrell, Bureau of Prisons inmate registration number 11847-064, an inmate at the Federal Correctional Institution in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on October 13, 2004. The Court issued an order on October 22, 2004 directing the petitioner, within thirty (30) days, to submit an in forma pauperis affidavit or pay the five dollar ($5.00) habeas filing fee. Subsequently, on December 30, 2004, the Court issued an order dismissing the case for failure to prosecute. Judgment was entered on January 18, 2005. In the meantime, on January 11, 2005, Terrell filed a motion for relief from judgment that documented that he paid the habeas filing fee on November 8, 2004. The Clerk had apparently neglected to

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _8-8-05_



record that payment in the docket or to attach a copy of the receipt to the case file. Accordingly, the Court issued an order on February 1, 2005 granting the motion for relief from judgment and denying the petition on the merits. Terrell filed another motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(6), on February 16, 2005.[1]

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Moreover, "Rule 60(b) does not allow a defeated litigant a second

---

[1]   As the Clerk did not enter a new judgment, Terrell is, technically, entitled to file a motion pursuant to Fed. R. Civ. P. 59(e).

2

chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." <u>Jinks v. AlliedSignal, Inc.</u>, 250 F.3d 381, 384 (6th Cir. 2001).

Although Terrell relies on Fed. R. Civ. P. 60(b)(6), the Sixth Circuit has repeatedly emphasized that relief pursuant to that provision is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." <u>Waifersong Ltd. v. Classic Music Vending</u>, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." <u>Olle v. Henry & Wright Corp.</u>, 910 F.2d 357, 365 (6th Cir. 1990); see also <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). <u>Olle</u>, 910 F.2d at 365; see also <u>Hopper v. Euclid Manor Nursing Home, Inc.</u>, 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity <u>mandate</u> relief." <u>Olle</u>, 910 F.2d at 365.

<u>Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund</u>, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original).

The arguments advanced by Terrell do not fit within this framework. Instead, Terrell's advances an argument that he is "actually innocent" of the forty-year statutory maximum sentence he received for conspiring to possess methamphetamine and cocaine with the intent to deliver, in violation of 21 U.S.C. § 846. Terrell's most recent argument is, in essence, a restatement of his previous position that his sentence was imposed in violation of <u>Apprendi v.</u>

3

New Jersey, 530 U.S. 466 (2000). Contrary to Terrell's suggestion, the Supreme Court's decision in Dretke v. Haley, 541 U.S. 386 (2004), did not recognize an "actual innocence" exception to challenges to noncapital sentences. Instead, the Supreme Court held that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94.[2] Thus, Dretke does not alter the Court's conclusion that Terrell has no claim of actual innocence in light of Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir. 2003).

In the alternative, Terrell asks for leave to file an appeal in forma pauperis. However, even apart from the actual innocence issue, Terrell is plainly not entitled to habeas relief because, for the reasons stated in the February 1, 2005 order, the remedy pursuant to 28 U.S.C. § 2255 is not inadequate or ineffective. Accordingly, an appeal would not be taken in good faith and Terrell is not entitled to appeal in forma pauperis.

---

[2] The procedural context of Dretke, a petition pursuant to 28 U.S.C. § 2254, is different than the context in this case because the petitioner in Dretke had the right to raise the claim at issue in his § 2254 petition in the absence of his procedural default. In this case, by contrast, for the reasons stated in the February 1, 2005 order, Terrell is not entitled to challenge the validity of his sentence in a petition pursuant to 28 U.S.C. § 2241.

For all the foregoing reasons, the motion for relief from judgment is DENIED.[3] As this case has concluded, the Clerk is ORDERED to enter a new judgment.

IT IS SO ORDERED this ___3rd___ day of August, 2005.

*/s/ Bernice B. Donald*
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[3] Terrell is also not entitled to relief pursuant to Fed. R. Civ. P. 59(e) because, for the reasons stated in the February 1, 2005 order, the § 2255 remedy is not "inadequate or ineffective."

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:04-CV-02822 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

---

Chris A. Terrell
FCI-MEMPHIS
11847-064
P.O. Box 34550
Memphis, TN 38184--055

Honorable Bernice Donald
US DISTRICT COURT